IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,                      No. CIV 11-2758 LKK CKD

    vs.

JASSI DHILLON, INC., et al.,

    Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

/

        Presently before the court is plaintiff's motion for default judgment. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

        Plaintiff is a permanently disabled wheelchair user. Defendants operate a restaurant "Scrambl'z Kountry Kitchen" located on South School Street in Lodi, California. Plaintiff visited the subject establishment in June, 2011 and encountered architectural barriers which denied him full and equal access.

        The record reflects that defendant Jassi Dhillon, Inc. was properly served with process on November 11, 2011 and default was entered on January 19, 2012. Plaintiff thereafter filed a motion for default judgment with a proof of service reflecting service of the motion on

defendant.  Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to California Civil Code section 52(a)[1] as well as injunctive relief.[2]

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of statutory damages and injunctive relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint.  Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974).  Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed visit.  See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir.2004); see also Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005).  There are no policy considerations which preclude the entry of default judgment of the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (dkt. no. 14) against defendant Jassi Dhillon, Inc. be granted;

---

[1] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount of $4,000 per violation.  Cal. Civ. Code § 52(a).

[2] Plaintiff seeks injunctive relief requiring defendant to remove identified architectural barriers only to the extent such alterations are readily achievable.

    2. Plaintiff be awarded statutory damages in the amount of $8,000.00.

    3. Plaintiff be granted an injunction requiring defendants to provide readily achievable property alterations that consist of providing the correct number and type of properly configured, van-accessible disabled parking spaces, an accessible route to an accessible entrance, accessibility signage and striping signage and accessible restrooms, all in accordance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 Code of Federal Regulations Part 36.

    4. The Clerk of Court be directed to close this case.

    These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
johnson-dhillon.def