IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

       Plaintiff,                  No. CIV S-11-2758 LKK CKD

       vs.

JASSI DHILLON, INC., et al.,

       Defendants.          <u>ORDER</u>

                               /

       Plaintiff filed the above-entitled action. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c).

       On March 2, 2012, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice to the parties that any objections to the findings and recommendations were to be filed within fourteen days. No objections to the findings and recommendations have been filed.

       The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis, except for the recommendations regarding the permanent injunction. The court believes the injunction is not specific enough to satisfy Fed. R. Civ. P. 65(d), in that it requires defendant to provide:

////

1

>    the correct number and type of properly configured, van-accessible disabled
>    parking spaces, an accessible route to an accessible entrance, accessibility signage
>    and striping signage and accessible restrooms.

The language of the proposed injunction is nearly identical to the language of Paragraph 4 of the Complaint (Dkt. No. 1).

**1.    Legal Requirements for Rule 65 Injunctions.**

Rule 65(d) requires an injunction to "state its terms specifically." Fed. R. Civ. P. 65(d)(1)(B). The injunction must "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). The Supreme Court put it this way:

>    the specificity provisions of Rule 65(d) are no mere technical requirements. The
>    Rule was designed to prevent uncertainty and confusion on the part of those faced
>    with injunctive orders, and to avoid the possible founding of a contempt citation
>    on a decree too vague to be understood. ... Since an injunctive order prohibits
>    conduct under threat of judicial punishment, basic fairness requires that those
>    enjoined receive explicit notice of precisely what conduct is outlawed.

Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (per curiam) (internal citations omitted).

"[T]hose against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits." Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1086-87 (9th Cir. 2004). The District Court does not have to state "<u>how</u> to enforce the injunction" but the court must describe in reasonable detail the act or acts to be restrained. Id. at 1087 (emphasis in text). "'The benchmark for clarity and fair notice is not lawyers and judges, who are schooled in the nuances of [the] law,' but instead the 'lay person, who is the target of the injunction.'" Del Webb Communities, Inc. v. Partington, 652 F.3d 1145, 1149-50 (9th Cir. 2011), quoting Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1134 (9th Cir. 2006).

**2.    Problems with the Proposed Injunction.**

The proposed injunction does not provide any specifics about what defendant is required to do or to refrain from doing. It does not, for example, specify how many parking spaces are

required, nor how defendant – or this court – would know what the "correct number" is. Nor does it specify what the "proper type" of parking space is, nor how the defendant would determine that. Moreover, it does not specify whether it is the number of restrooms that defendant must address, or whether it is the configuration of the restroom(s) that defendant must correct, or both.

In addition, the proposed injunction requires the provision of an "accessible route to an accessible entrance." The Complaint however, does not allege the absence of an "accessible entrance." Accordingly, the court cannot tell if the proposed injunction requires that the entrance door itself be made accessible, or if there is a problem with the route leading to door, or both, or if there is some other issue. As for the "accessible route" reference, it is not clear whether it is referring to the route leading from the parking space, one leading to the front door entrance, one leading to the restroom, all of them, or some other route. Accordingly, the court cannot tell what the proposed injunction requires.

Plaintiff's Motion for Default Judgment (Dkt. No. 14), and the Complaint, offer some insight into what the proposed injunction seems to be requiring, but by no means does it resolve the ambiguities.[1] For example, the Complaint indicates that it is the configuration of the restroom that is a problem, not the number. Also, the Motion indicates that plaintiff needs a parking space that is adjacent to an eight-foot-wide aisle. Motion ¶ 2. If this is the "type" of parking space the proposed injunction requires, and if the law permits this court to require it (a matter that should be determined by the Magistrate Judge in the first instance), then the injunction should specify that.

By way of further possible clarification, Plaintiff's Motion does state that he needs "assessable door hardware," by which he may mean "accessible door hardware." The hearing

---

[1] In any event, the court's guesses, below, as to what is required were reached only after close readings of the Complaint and the Motion. Defendant should not have to guess what is required, and he should be able to tell what is required from reading the injunction itself.

3

should determine if this explains the "accessible entrance" reference, and what modification (if any) is being required.  Plaintiff's Motion also indicates that the "accessible route" language is a reference to a route that plaintiff would take immediately upon leaving his van in the parking lot (as opposed to the route leading up to the entrance door, if those are different), but it is not clear to the court.  The hearing should clarify if this is the "accessible route" referred to, and what correction is being required – is it non-existent, is it too narrow, is it blocked, it is some other problem?

In similar default situations, some courts have conducted a default judgment hearing.[2]  The court believes that a default judgment hearing here should be employed to enable the court to clarify the requested injunction so that defendant can understand exactly what it being required to do or to refrain from doing.  At a minimum, the hearing should establish how many parking spaces are required, what type of spaces they must be, what modifications to the number and/or configuration of the restroom(s) are required and what modifications are required regarding the accessible entrance and the accessible route.

The court is not ruling that an oral hearing is required in every case where plaintiff moves for a default judgment.  Here, however, the specifics of the relief being sought are not fully set forth in the complaint, the motion papers, or any other papers before the court.  In such a situation, a hearing is required to bring those facts out, lest the court enter an injunction of unspecified scope.

Accordingly, this matter is remanded to the Magistrate Judge for a default judgment hearing and further proceedings not inconsistent with this order.

---

[2] See, e.g., Johnson v. Derylo, 2012 WL 1458116 (April 26, 2012) (Delaney, M.J.), approved, 2:11-cv-2335 (E.D. Cal. July 9, 2012) (England, J.); Johnson v. Finks, 2009 WL 3644299 (November 2, 2009) (Brennan, M.J.), adopted, 2:09-cv-1271 (E.D. Cal. December 24, 2009) (England, J.); Johnson v. GCR Enterprises, LLC, 2010 WL 3431801 (August 31, 2010) (Brennan, M.J.), adopted, 2:09-cv-3287 (E.D. Cal. October 14, 2010) (Burrell, J.).

4

1  ////
2
3     IT IS SO ORDERED.
4     DATED: July 23, 2012.
5
6
7     _____
      LAWRENCE K. KARLTON
8     SENIOR JUDGE
      UNITED STATES DISTRICT COURT
9